IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WARREN KINZER, | § | |
| | § | No. 713, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 1304021423 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 29, 2015
Decided: June 29, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VAUGHN**, Justices.

## **O R D E R**

This 29th day of June 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Warren Kinzer, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Kinzer's opening brief that his appeal is without. We agree and affirm.

(2) The record reflects that Kinzer pled guilty on November 8, 2013 to one count each of continuous sexual abuse of a child and second degree sexual abuse of a child by a person in a position of trust. The victim was Kinzer's

granddaughter. After a presentence investigation, the Superior Court sentenced Kinzer to a total period of twenty-eight years at Level V incarceration, to be suspended after serving twelve years in prison and successful completion of the Transitions Sex Offender Program for decreasing levels of supervision. Kinzer did not file a direct appeal. Instead, on August 13, 2014, Kinzer filed a motion for postconviction relief, which the Superior Court denied on December 2, 2014. This appeal followed.

(3) In his opening brief on appeal, Kinzer asserts that his guilty plea was not knowing and voluntary because of the ineffective assistance of his trial counsel. Kinzer contends that his trial counsel was ineffective for failing to investigate mitigating evidence, for failing to provide him with a copy of the presentence investigation report ("PSI"), and for failing to inform him of his right to appeal.[1] Kinzer's contentions that his trial counsel was ineffective for failing to provide him with a copy of the PSI and for failing to inform him of his right to appeal were not raised in the motion he filed in the Superior Court. Absent plain error, which we do not find, we will not consider these claims for the first time on appeal.[2]

---

[1] To the extent Kinzer raised other issues in the motion he filed in the Superior Court, he has waived his right to review of those claims by failing to argue those issues in his opening brief on appeal. *See Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[2] Del. Supr. Ct. R. 8.

(4)     The only issue properly before the Court is Kinzer's claim that his trial counsel was ineffective for failing to investigate mitigating evidence.  Kinzer contends that, if his trial counsel had come to see him promptly after his arrest, he would have seen evidence of bruising that the victim allegedly inflicted upon him.  Kinzer also asserts that his counsel failed to interview a guidance counselor and the vice principal of the victim's school, who would have told counsel that Kinzer "had a few problems" with his granddaughter.  Finally, Kinzer contends that counsel failed to look at the victim's cell phone, which would have shown how the victim treated Kinzer.

(5)     To support a claim of ineffective assistance of counsel following the entry of a guilty plea, a defendant must demonstrate that: (a) counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial.[3]  A defendant must make concrete allegations of causation and actual prejudice to substantiate a claim of ineffective assistance of counsel.[4]  The Superior Court concluded that Kinzer's allegations about his attorney's failure to discover purported mitigating evidence were vague

---

[3] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[4] *Younger v. State*, 580 A.2d 552, 556 (Del. 1980).

and conclusory and failed to establish a reasonable probability that Kinzer would not have pled guilty.

(6)     After careful consideration of the parties' positions, we find no merit to Kinzer's appeal. We agree with the Superior Court's conclusion that Kinzer's claim about his attorney's failure to present available mitigating evidence is vague and conclusory and fails to establish how the salleged evidence would have changed the outcome of the proceeding. Moreover, Kinzer stated under oath at his plea colloquy that he was satisfied with his counsel's representation. He indicated that he fully understood the charges against him and that he understood the consequences of pleading guilty. He stated that he was pleading guilty because he was, in fact, guilty of the charged offenses. He also stated, among other things, that no one had threatened him or coerced him into pleading guilty. In the absence of clear and convincing evidence to the contrary, Kinzer is bound by these statements.[5] We thus reject Kinzer's claim that his guilty plea was involuntary due to his counsel's ineffectiveness.

---

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

4

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice